# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

vs.                                                           Civil No. 00-1577 JP/WWD
                                                              Crim. No. 98-833 JP

LONNY JOSEPH SHERMAN,

    Defendant / Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.  THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed November 3, 2000.  Petitioner, ("Sherman") is incarcerated and is proceeding *pro se*.

### Background

    2.  On the night of the incident, Sherman had been out drinking with several other individuals.  On a deserted stretch of road on the Navajo reservation, they came upon Skeets passed out in his truck, which was still running.[1]  At some point when Skeets was stumbling around outside of his car, items were taken from the truck, including Skeets' wallet.  Petitioner then got into the victim's truck to follow his friends in their car.  In turning the truck around, Sherman hit Skeets but kept going.  Skeets was pronounced dead on the scene.  Presentence Rep't, at 3.

---

[1] These facts are contained in the Presentence Report.  See Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972)(Court can take judicial notice of its own records).

3. Petitioner was later apprehended on the basis of eyewitness information. In November 1998, a federal grand jury returned a two-count indictment against Sherman (98CR833 JP, docket # 1). Count I charged Petitioner with robbery in Indian Country, the taking by force of a vehicle belonging to the victim, Larry Skeets, in violation of 18 U.S.C. §§ 1153 and 2111. Count II charged Sherman with involuntary manslaughter in Indian Country, the unlawful killing of Larry Skeets while driving recklessly with a wanton and reckless disregard for human life, in violation of 18 U.S.C. §§ 1153 and 1112.

4. Sherman pled guilty to both counts in April 1999. (98CR833 JP, docket # 31, plea agreement). He was sentenced by now Chief Judge James A. Parker to concurrent terms of imprisonment for each count, to be followed by three years of supervised release. (98CR833 JP, #68, Judgment). Judge Parker recommended that Sherman serve his sentence at the Federal Correctional Institution in Safford, Arizona, and be transferred into an Intensive Confinement Camp "if and when he becomes eligible." (docket # 68 at 2).

5. Petitioner has not appealed his convictions or his sentence. About a year into his sentence, however, Sherman filed a pro se motion for downward departure on the grounds that because he was found to be ineligible for the "shock incarceration" program Judge Parker had recommended, his sentence should therefore be reduced in order to make him eligible for the program. The motion was denied on the basis that because the recommendation was not made pursuant to statutory authority, the Court did not have inherent authority to modify the sentence that had been imposed." (98CR833 JP, ## 71 & 72).

**Discussion**

6. Petitioner raises the following grounds for relief:

(1)  Ineffective assistance of counsel:
    (a) failure to argue all downward departure possibilities;
    (b) failure to "properly" object to the Presentence Report;
    (c)  failure to properly discuss with Petitioner the evidence, possible defenses, witnesses, discovery matters and the plea agreement;

(2)  the six-point enhancement for robbery resulting in a death is inappropriate and a misapplication of the guidelines;

(3)  the sentencing judge erred by recommending a transfer into a shock incarceration program without first determining whether Petitioner was eligible;

(4)  Insufficient evidence for his conviction based on "conflicting information in the discovery" and the allegation that other individuals involved in the incident were not charged.

*First Alleged Error - Ineffective Assistance of Counsel*

7. In the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989); Strickland v. Washington, 466 U.S. 668, 687 (1984).

8. Although ineffective assistance of counsel can constitute a basis for an allegation that a plea is involuntary, Tollet v. Henderson, 411 U.S. 258 (1973), Sherman's ineffective assistance claims fail.

9. *Downward Departures:*  Sherman alleges that defense counsel was ineffective by failing to argue all downward departure possibilities. This claim has no merit. Defense counsel did in fact, file a motion for downward departure on several bases. (98Cr833 JP, # 53). The

3

Court considered and rejected all of them (docket # 67 [back of form]).  Sherman has not identified sentencing factors other than those argued unsuccessfully by counsel.

   10.  *Objections to Presentence Report*:  Petitioner does not identify what objections should have been raised by counsel.  At any rate, counsel *did* object to the Presentence report, including the six-point enhancement which forms the basis for his second ground for relief in this petition, and the contention that he was the only one prosecuted, which forms the basis for part of his fourth ground for relief.  (98CR833 JP, # 52, at 2-3).  Counsel's objections were partially well-taken, as Judge Parker disallowed a two-level upward adjustment for a "vulnerable" victim included in the Probation Department's guidelines (98CR833 JP, #67[back of form]).

   11.  I find no constitutionally deficient performance in counsel's handling of the downward departures or in the objections to the Presentence Report.

   12.  *Failure to discuss evidence, etc.:*  Respondent points to evidence from the record which indicates a deteriorating attorney-client relationship.  For example, at one point, defense counsel filed a Motion for Substitution of Counsel (98CR833 JP, #12), stating that counsel's attempts to meet with his client to discuss his case were fruitless and inadequate for counsel to provide adequate legal representation.  Counsel was apparently unsuccessful in communicating to his client the seriousness of his case.

   13.  However, at a hearing on the motion, both Sherman and his common-law wife said that they had "no problems" with defense counsel, and did not wish to substitute counsel (98CR833 JP, # 17 [back of page]).  Apparently, family problems had interfered with Sherman's ability to meet with counsel, including the chronic lung problems of Sherman's three-year old son.  Based on these facts, I find no deficiencies in counsel's performance regarding discussion with

Petitioner of evidence, possible defenses, discovery matters and the plea agreement.

*Second Alleged Error - Enhancement*

14. Petitioner alleges that the six-point enhancement for robbery resulting in death is inappropriate and a misapplication of the guidelines. This claim could have been raised on direct appeal and was not. Therefore, it is procedurally barred from federal habeas review. See United States v. Allen, 16 F.3d 377 (10th Cir. 1994) (§ 2255 is not available to "test the legality of matters which should have been raised on appeal"), accord, United States v. Frady, 456 U.S. 152, 168 (1982).[2]

*Third Alleged Error - Recommendation of Shock Incarceration Program*

15. Sherman next contends that Judge Parker erred by recommending a transfer into a shock incarceration program without first determining whether Sherman was eligible to participate in such a program.

16. As Respondent points out, not only was Judge Parker not under any obligation to make any such determination, but the sole authority for whether Sherman participated in the program rested with the Bureau of Prisons ("BOP"), not the courts. Included in the correspondence section of the criminal file (98CR833) is a letter dated November 24, 1999 from the BOP's Regional Director notifying Judge Parker that his recommendations were carefully considered, but that the nature of offenses committed by Sherman precluded Sherman's eligibility for the program.

17. Further, as noted above (¶ 4), Judge Parker's recommendation was qualified as a

---

[2] Petitioner has not alleged, nor do I find, cause and prejudice for the failure to raise any of these matters on direct appeal, even assuming they were appealable within the bounds of the plea agreement.

recommendation "if and when" Sherman became eligible.  Thus, Petitioner cannot show that the determination that he was ineligible for the shock incarceration program or Judge Parker's recommendation in itself is a claim cognizable under § 2255, since he cannot show that it was not authorized by law or was otherwise unconstitutional.  Nor does he raise any nonconstitutional issue relating to this ground which shows a fundamental defect resulting in complete miscarriage of justice.  See Reed v. Farley, 512 U.S. 339 (1994); U.S. v. Hamilton, 553 F.2d 63, 66 (10th Cir. 1977).  Relief should be denied on this ground

### *Fourth Alleged Error*

18.  Petitioner alleges that there was insufficient evidence for his conviction based on conflicting evidence in the discovery as well as on the fact that other individuals involved in the incident were not charged.   This claim is procedurally defaulted because it was not raised on direct appeal.  It also fails on the merits.

19. Whether or not others were charged in the incident does not affect whether there was sufficient evidence to convict Petitioner or to support a factual basis for his guilty plea.  The facts contained in the Presentence Report at pages 2 through 4 indicate that there was ample evidence to support the grand jury finding of probable cause that Petitioner had committed the crimes.  Moreover, these facts sufficiently show that Petitioner acted alone in robbing the victim's vehicle and in driving the victim's vehicle.  Presentence Rep't at 3,4.

20.  Although Petitioner does not specifically challenge the plea's factual basis, I find that such a challenge would be unsuccessful.  See United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir.1996) (when a defendant challenges evidentiary sufficiency with respect to a charge to which the defendant has pled guilty,"it is necessary only that the court 'make[s] such inquiry as shall

satisfy it that there is a factual basis for the plea'")(quoting Fed.R.Crim.P. 11(f)). Thus, relief on this ground should also be denied.

### Recommendation

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE